**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony Quinn EDGERTON, Defendant–Appellant.**

**No. 13–7204.**

United States Court of Appeals, Fourth Circuit.

Submitted: Jan. 22, 2015.

Decided: Jan. 26, 2015.

Anthony Quinn Edgerton, Appellant Pro Se. Melissa Louise Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

Prior report: 2013 WL 2338237.

PER CURIAM:

Anthony Quinn Edgerton seeks to appeal the district court's order denying re-

lief on his 28 U.S.C. § 2255 (2012) motion.\* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Edgerton has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED.*

---

\* Although Edgerton filed a supplement to his § 2255 motion in which he raised alternative grounds for relief, Edgerton forfeited review of the district court's denial of these alternative grounds by failing to address the denial in his informal brief. *See* 4th Cir. R. 34(b); *see*

*also United States v. Al–Hamdi,* 356 F.3d 564, 571 n. 8 (4th Cir.2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.").